UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| DONOVAN EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:19-cv-00085-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| DHL SUPPLY CHAIN, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Defendant's Motion to Dismiss for failure to state a claim [R. 6.] and Plaintiff's Motion for Joinder of an additional party [R. 10].  Proceeding without an attorney, Plaintiff Donovan Evans has filed this action alleging claims of unpaid wages and emotional distress against Defendant DHL Supply Chain.  [R. 1-2.]  As explained below, Evans fails to state a claim for which relief may be granted, and therefore Defendant's Motion to Dismiss must be GRANTED.

**I**

On November 14, 2019, Mr. Evans filed a complaint *pro se* in Franklin County, Kentucky Circuit Court against DHL Supply Chain.  [R. 1-2.]  Initially, Mr. Evans listed his address as Frankfort, Kentucky, but subsequently informed the clerk of his change of address to Jackson, Mississippi.  [R. 1-3.]

In the Complaint, Mr. Evans alleges that on October 31, 2019, he applied for a job at DHL Supply Chain and a lady named "Michelle" told him that he would have a job the next day.  [R. 1-2 at 4.]  He also states that although the job supposedly paid $10.50 per hour, he only asked for $7.25.  [*Id.*]  Next, Mr. Evans explains that on November 1, 2019, he got on a bus to go to

work at DHL. [*Id*.]  When he arrived, Michell told him that "she did not say for [him] to come to DHL to work." [*Id*.]  He replied, "Yes you did say I come to work today I need a [job] this is [why] I put in my application." [*Id*.]  After Michelle asked him to leave, Mr. Evans demanded to be paid for the time he allegedly worked that day. [*Id*.]  He was paid with a $25.00 Visa gift card instead of cash or a check. [*Id*.]  Defendant has attached copy of the application to their Motion [R. 6-2], which Mr. Evans refers to in his Complaint and demands to be produced. [*Id*.]

Mr. Evans' complaint is somewhat unintelligible and alleges claims against DHL that are difficult to parse.  However, it appears that he seeks to assert claims of "non-wage garnishment…due to nonpay of money or cash" and "emotional stress mental distress." [*Id*.]  Mr. Evans seeks relief in the form of nine trillion dollars. [*Id*.]  Defendants removed this action for original jurisdiction, based on the alleged violations of 29 U.S.C. 201.[1] [R. 1.]  Thereafter, Defendant filed a Motion to Dismiss for failure to state a claim. [R. 6.]  Instead of responding to the motion, Mr. Evans filed a Motion for Joinder to add an additional party, Flexible Staffing, on January 6, 2020. [R. 8.]  Mr. Evans also filed another pleading, contending that he did respond to DHL's motion to dismiss, seeming to be the Motion for Joinder. [R. 10.]

---

[1] Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction for matters "arising under the Constitution, laws, or treaties of the United States."  This case was removed pursuant to 28 U.S.C. § 1331 because the Court has original jurisdiction over claims arising under the Fair Labor Standards Act, 29 U.S.C. § 1367, *et seq*.  Accordingly, the Court finds removal proper.  In addition to his federal law claims, Mr. Evans alleges a Kentucky law cause of action. [R. 1-2.]  A federal court can maintain pendent jurisdiction over state law claims if both the state and federal claims derive from a common nucleus of operative fact and if the plaintiff would be expected to try all of her claims in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  Because these claims all relate to a single altercation and the Plaintiff would be expected to try all of their claims in one proceeding, the Court finds pendent jurisdiction over the state law claims proper.

**II**

The addition of a party by the Plaintiff would be equivalent to amending the complaint. Under Fed. R. Civ. P. 15(a), a party may amend its complaint as a matter of right within 21 days after serving the complaint or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court, however, may deny such leave when the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). An amendment is futile "if such complaint, as amended, could not withstand a motion to dismiss." *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., Dep't of Hous. & Urban Dev., City of Louisville*, 632 F.2d 21, 23 (6th Cir. 1980) (citation omitted). Therefore, the Court considers futility by applying the Rule 12(b)(6) standard.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the Plaintiffs' complaint. In reviewing a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). Because Evans is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012).

**A**

Mr. Evans' allegation that he did not receive wages for his alleged work because he was compensated with a pre-paid Visa card and not cash, is in essence, a claim alleging that he was denied unpaid wages by DHL Supply Chain. It is unlikely that Plaintiff asserts sufficient facts to establish a purported employment relationship with DHL; however, the Court will assume Evans was an employee of DHL for the purpose of analyzing his unpaid wage claim. Although Mr. Evans does not cite any law to support his claim of unpaid wages and the basis for his expectation of recovery is unclear, it can be inferred that he is attempting to bring this action under the Fair Labor Standards Act. Plaintiff wishes to recover for unpaid time, which is what many courts refer to as "gap time." A "pure gap time" claim is one "in which an employee has not worked 40 hours in a given week but seeks recovery of unpaid time worked[.]" *Lundy v. Catholic Health Sys. of Long Island, Inc.,* 711 F.3d 106, 115 (2d Cir. 2013).

By its plain terms, Section 216(b) of the FLSA only permits employees to recover for an employer's violation of the minimum wage or overtime wage provisions of the Act. 29 U.S.C. § 216(b). ("Any employer who violates the provisions of section 206 [minimum wage] or section 207 [overtime] of this title shall be liable to the employee or employees . . ."). Notably absent from the statutory language of Section 216(b) is the right of an employee to recover for unpaid "straight time" (hours worked under forty hours per week). According to the vast majority of cases, one cannot bring an action under the FLSA for 'gap time' in the absence of overtime work

and in the absence of an allegation that the average wage falls below the federal minimum wage. *Basset v. Tennessee Valley Auth.*, 2013 U.S. Dist. LEXIS 83203, 2013 WL 2902821, at *29 (W.D. Ky. June 13, 2013.)

In the present case, Mr. Evans does not allege that DHL failed to pay him minimum wage, or that he was entitled to overtime for working more than 40 hours in a week. In fact, Mr. Evans admits in his Complaint that worked no more than two hours and was paid more than the hourly amount he expected to receive. [R. 1-2 at 4.] He has only complained of the manner in which he was paid when he stated that he was paid with a $25 gift card and not with a check or cash. [*Id.*] It should be noted that the Plaintiff did not respond to the Defendant's argument on this issue. Therefore, Mr. Evans' claim of "non-wage garnishment" cannot be brought under the FLSA since there are no facts in the Complaint that portray that he did not get paid the required minimum wage or for overtime. Something more definite would certainly be required to put Defendants on notice of the claim Mr. Evans is asserting since there are very few facts and no law cited. Since Mr. Evans does not state another theory that his unpaid wages claim can be brought under and the claim is not plausible on its face, this claim must be dismissed against Defendant.

**B**

Evans' Complaint also alleges that he suffered emotional distress due to the Defendant's alleged actions. [R. 1-2 at 4.] However, the Plaintiff does not specify whether his claim is for negligent or intentional infliction of emotional distress. Because Evans is proceeding *pro se* and his complaint must be construed liberally, the Court shall address both potential causes of action.

To state a claim for negligent infliction of emotional distress, a plaintiff must establish the basic elements of negligence: "(1) the defendant owed a duty of care to the plaintiff, (2)

5

breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Osborne v. Keeney*, 399 S.W.3d 1, 17 (Ky. 2012). In addition, a plaintiff must show that she has suffered "'serious' or 'severe' emotional injury." *Id.* The Kentucky Supreme Court recently explained that:

> A "serious" or "severe" emotional injury occurs where a reasonable person, normally constituted, would not be expected to endure the mental stress engendered by the circumstances of the case. Distress that does not significantly affect the plaintiff's everyday life or require significant treatment will not suffice.

*Id.* at 17-18.

The facts alleged in Evans' complaint could not be said to qualify as serious or severe under the definition in *Osborne*. Mr. Evans does not allege any conduct on the part of DHL or Flexible Staffing that would pass the high standard for establishing severe emotional injury. The substance of Plaintiffs' claim include that Mr. Evans was offered a job, and when he arrived at the job, Michelle told him to leave the worksite and paid him with a gift card for the time he worked. [R. 1-2 at 4.] Plaintiff claims these actions made him very mad, but as noted by the Kentucky Supreme Court, "emotional tranquility is rarely attained and [] some degree of emotional harm is an unfortunate reality of living in a modern society." *Id.* at 17 (citing Restatement (Third) of Torts: Phys. & Emot. Harm § 46 illus. 1 & § 47 cmt.j.). Further, Plaintiff does not contend that Defendant's actions affected his everyday life or required significant treatment. Therefore, Evans has alleged no facts that would allow the Court to make a reasonable inference that any emotional damage resulting from Defendant's actions was anything more than the ordinary, everyday emotional harm that is not actional under Kentucky law.

To state a claim for intentional infliction of emotional distress under Kentucky law, Evans must show, among other things, that the Defendants engaged in conduct that was

"outrageous" or "a deviation from all reasonable bounds of decency and is utterly intolerable in a civilized community." *Stringer v. Wal-Mart Stores, Inc.,* 151 S.W.3d 781, 791 (Ky. 2004). The Kentucky Supreme Court has classified this as a "high threshold," which was not crossed, for example, in a case where the defendant did not pay medical expenses arising out of an injured worker's compensation claim or a case where the defendant wrongfully garnished wages as a result of a forged agreement. *Id.* at 789 (citing *Zurich Ins. Co. v. Mitchell,* Ky., 712 S.W.2d 340, 341 (1986); *Kentucky Farm Bureau Mutual Ins. Co. v. Burton,* Ky.App., 922 S.W.2d 385 (1996)). Evans claims that the Defendant retracted its job offer and told him to leave the premises and failed to pay him for the time he worked in cash, appear more like other causes that have been found insufficiently outrageous to cross the high threshold of an intentional infliction of emotional distress claim. Therefore, because the factual allegations of Evans' complaint accuse the Defendants of nothing that deviates from "all bounds of decency" or that is "utterly intolerable in a civilized community," his claim for negligent infliction of emotional distress shall be dismissed. *Id*. at 791.

### III

For all of these reasons, Evans fails to state a claim for which relief may be granted against Defendants. Moreover, the Court finds that adding Flexible Staffing as an additional party would be futile since the amendment could not withstand a 12(b)(6) motion to dismiss for failure to state a claim even if the additional party is added. Therefore, the Court need not permit the Plaintiff's amendment and Defendant's Motion to Dismiss will be granted. Accordingly, it is **ORDERED** as follows:

  1.  The Defendant's Motion to Dismiss [**R. 6**] is **GRANTED;**

      2.      The Plaintiff's Motion for Joinder to add an additional Defendant **[R. 8]** is **DENIED**;

      3.      The Court will enter a Judgment contemporaneously with this order; and

      4.      This action is **STRICKEN** from the Court's docket.

This 30th day of April, 2020.

Gregory F. Van Tatenhove
United States District Judge